Jesse Werner and Dorothy Werner v. Commissioner.
Werner v. Commissioner
Docket No. 39417.
United States Tax Court
T.C. Memo 1954-153; 1954 Tax Ct. Memo LEXIS 91; 13 T.C.M. (CCH) 871; T.C.M. (RIA) 54259; September 20, 1954, Filed *91 Petitioner, Jesse Werner, was in the business of selling gasoline, oil, and related petroleum products. He kept his books on the accrual basis and reported his income on the cash basis for the years 1935 through 1947. Respondent requested petitioner to report his income for 1948 on the accrual basis, to which petitioner acceded. Respondent adjusted the 1948 return by including in income for that year the opening inventory, and accounts and notes receivable as of January 1, 1948. Held, a taxpayer who keeps his books on an accrual basis, which properly reflects income, and who is required to change his method of reporting income from a cash to an accrual basis, cannot be required to include income of prior years in the year of change-over. David H. Nelson, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion RICE, Judge: This proceeding involves a deficiency in income tax of $11,773.60 for the year 1948 determined against Jesse Werner and Dorothy Werner. The sole issue raised by the pleadings is whether, in a change-over from a cash to an accrual method of reporting income on tax returns, a taxpayer who has kept his books on the accrual basis *92 can be required to include as income for the year of change-over the amounts of his accounts and notes receivable at the beginning of such year, and can be denied a deduction, in computing the cost of goods sold, of his opening inventory in that year. All of the facts were stipulated, are so found, and are incorporated herein by this reference. [Findings of Fact] Petitioners are husband and wife residing in Springfield, Illinois. They filed a joint Federal income tax return for the taxable year 1948 with the collector of internal revenue for the eighth district of Illinois. From a time prior to 1930, and continuously thereafter to the present, Jesse Werner (hereinafter referred to as the petitioner) has been engaged in the business of selling gasoline, oil, and related petroleum products in Springfield, Illinois. For the year 1932, petitioner reported his income on his Federal tax return on a hybrid basis; thus, he reported only cash sales, while deductions were determined on the accrual basis. Opening and closing inventories were used in determining cost of goods sold. In a revenue agent's report dated June 19, 1934, relative to the year 1932, certain adjustments were *93 made. The following explanations were there given relative to some of these adjustments: "(a) Accrued local gas tax not an allowable deduction as taxpayer's books are not kept on the accrual basis. This amount ($685.93) together with the gas tax paid, was deducted from the gross cash receipts and the net shown on the return as sales. * * *
"(d) Inventories: Income reported from business is incorrectly shown. The method used is neither accrual or cash receipts and disbursements. Sales reported represent cash receipts while deductions taken were determined by the accrual method. "The taxpayer's books are kept in such a manner that it is impossible to determine the correct total sales for adjusting to the accrual method and the only alternative is to eliminate inventories and determine the tax liability from a cash receipts and disbursement basis." Petitioner protested these adjustments, but subsequently paid deficiencies arising therefrom. In 1934, petitioner employed an accountant who established a double-entry system of accounting on the accrual basis. However, petitioner reported his income on his returns on the cash basis for the years 1935 through 1947. Sometime *94 in 1947 or 1948, as a result of an examination by respondent's agents of petitioner's 1945 tax return, petitioner was requested to report his 1948 income on the accrual basis so that the method of reporting subsequent to 1947 would conform with his bookkeeping system. Petitioner complied with this, and filed (jointly with his wife) his 1948 return on the accrual basis. Pursuant to the accrual method of computing his income, he did not include in his computation his accounts and notes receivable as of January 1, 1948; and he took a deduction for his January 1, 1948, opening inventory in computing his cost of goods sold. [Opinion] The respondent determined the deficiency herein as a result of adding the following items to the net income reported by petitioners in their return: Accounts Receivable, 1/1/48
$15,448.54
Notes Receivable, 1/1/48
1,624.63
Opening Inventory, 1/1/48
15,033.08
Total Additions
$32,106.25 These adjustments were made by respondent because of the change in petitioners' method of reporting income in 1948. Accounts and notes receivable as of January 1, 1948, were added to petitioners' income for 1948 in order to include noncash sales made *95 and not paid for prior to January 1, 1948. Such sales had not previously been reported because prior returns had been filed on the cash receipts and disbursements method, nor would they be reported under the accrual method when they were subsequently collected. The inventory adjustment represents the disallowance of a deduction taken in 1948 in the computation of cost of goods sold, pursuant to the accrual system. This amount had previously been deducted prior to 1948 under the cash method of reporting as paid-for purchases. Respondent concedes, on brief, that the adjustments made by him "to petitioners' 1948 income properly belong in the computation of petitioners' income for a prior year or years," and that his determination of the deficiency herein was in error. He cites as authority (C.A. 8, 1953); (C.A. 2, 1953); , aff'd. per curiam (C.A. 3, 1952); , aff'd. (C.A. 8, 1950). To these we add several more *96 recent cases decided since the receipt of the briefs in the instant action. (C.A. 2, 1953); ; . These latter cases hold that, even though a taxpayer has previously kept his books on the cash basis, when such taxpayer is required to change his method of accounting and reporting his income to the accrual method, the annual accounting concept precludes the Commissioner from taxing the income of prior years in the year of change-over. Decision will be entered for the petitioners.